**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PAUL NORERO,

      Plaintiff,

vs.                                                                    Case No. 13-CV-1114 MCA/SCY

CINCINNATI INSURANCE COMPANY,

      Defendant.

## ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Denial of Plaintiff's Request that Defendant Cincinnati Insurance Company be Compelled to Produce Plaintiff's Insurance Claim File (*doc. 56*). This motion asks the Court to reconsider a discrete portion of its previous order: whether Defendant must produce part, or all, of its claim file pursuant to Plaintiff's request for production number one. Having reviewed the Motion and the Response (*doc. 59*), the Court finds that Plaintiff's Motion is meritorious. The Court will, therefore, for the reasons described below, require Defendant to submit certain withheld portions of the claim file to the Court for an in camera review.

## I.    Background

On August 20, 2014, Plaintiff filed a motion to compel complete discovery responses to his interrogatories and requests for production. As part of this motion, Plaintiff noted that Defendant had failed to produce the entirety of Plaintiff's insurance claim file as requested. *Doc. 42* at 4. Instead, Defendant had produced parts of the file and provided Plaintiff with a privilege log listing the withheld documents. Unfortunately, because Plaintiff neglected to attach this privilege log to the motion, or in the alternative describe the withheld documents which he

sought, the Court was unable to rule on Plaintiff's motion to compel the production of the claim file.

Plaintiff has since forwarded a copy of the privilege log (*doc. 56*, Ex. 2) to the Court and now asks the Court to revisit the issue of whether Defendant properly withheld portions of Plaintiff's claim file as privileged. Defendant opposes the Motion, complaining that the Court should not consider whether the withheld documents are in fact privileged because Plaintiff has not adequately identified which documents he seeks and Plaintiff's Motion, while addressing the work-product privilege, does not discuss the other privileges asserted: attorney-client and confidential trade information. The Court rejects this parsimonious reading of Plaintiff's Motion. As the Court understands it, Plaintiff is asking the Court to order Defendant to produce the entire claim file.[1] *See generally doc. 56*. While Plaintiff focuses on the work-product privilege, the Court does not read this as abandoning his challenges to the other privileges. Rather, Plaintiff's motion challenges the adequacy of Defendant's privilege log as a whole. *See doc. 56* at 2,4 (specifically mentioning attorney-client privilege and later noting that "without the benefit of knowing what the withheld materials exactly are, Plaintiff is effectively flying blind in attempting to argue against Defendant's position that these materials are, indeed, privileged or protected."). The Court has, as a result, reviewed the privilege log in its entirety.

## II.    Adequacy of the Privilege Log

Federal Rule of Civil Procedure 26(b)(5)(A) provides that a party who withholds privileged information that is otherwise discoverable must (1) expressly make the claim of privilege and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing the privileged or protected information

---

[1] In fact, Defendant acknowledges that Plaintiff asked the Court to compel Defendant to "produce its entire claim file" in his first motion to compel, which Plaintiff is asking the Court to reconsider. *Doc. 59* at 1.

itself, will allow other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A); *see also White v.*

*Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1267-68

(D. Kan. 2008).  Here, Defendant's log does not satisfy this standard because it fails to provide

sufficient information such that the Court can discern whether the asserted privileges apply. For

future reference, the Court notes that a properly prepared privilege log should, at a bare

minimum, include the information contained in the sample format below:

| Bates No. | Document Type | Date | Author | Recipient | Subject Matter | Privilege Asserted |
|---|---|---|---|---|---|---|
| ABC 00001-00005 | E-mail | 3/5/14 | John Doe | Jane Doe | Settlement of Litigation | Attorney-Client and Work Product |

Defendant's privilege log, in comparison, consists of only four columns: bates number, date,

description, and privilege. It does not list the document type nor does it state the creator or listed

recipient of the document. For some entries, it lacks a date field. Finally, and most

problematically, the descriptions provided are not detailed enough for an outside party to

determine whether the asserted privileges are appropriate. For instance, Defendant withheld the

following documents: claims file report, subclaim overview, payments and reserves, match

report. None of these documents are obviously litigation related or attorney-client privileged.

Normally, the deficiency of the privilege log would necessitate the creation of another,

more detailed log. Nevertheless, in an effort to expedite the resolution of this discovery dispute,

the Court has instead elected to conduct an in camera review of the documents at issue. To this

end, the Court will order Defendant to provide the Court with copies of the documents listed in

the privilege log, with the exception of the documents for which the only "privilege" asserted is

"confidential commercial information." The Court will review these documents and determine

whether they are discoverable or whether they are protected by the work-product or attorney client privilege.[2]

As for the documents that Defendant withheld as confidential, trade secrets are not automatically and completely immune against disclosure. Rather, they are typically given limited protection based on the weight of the claim of privacy and the need for disclosure. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009) ("The need for the trade secrets should be balanced against the claim of harm resulting from the disclosure. It is within the sound discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the harm of disclosure.") (internal citations omitted). When a party seeks to avoid responding to an otherwise valid discovery in order to protect confidential commercial information, and the parties are unable to resolve the issue themselves, the appropriate procedure is for the party seeking confidentiality to file a motion for a protective order. This is because the party seeking to protect confidential commercial information bears the burden of establishing that the information is a trade secret and that its disclosure might be harmful. *Id.*

In this case Defendant filed no such motion; the Court is not in a position to determine whether the materials withheld under Fed. R. Civ. P. 26(c)(1)(G) are entitled to any protection, and if so, of what nature. Thus, the Court will order the parties to meet and confer in an attempt to agree on a confidentiality order regarding the release of these documents.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Reconsideration (*doc. 56*) is granted in part.

2. By January 12, 2015, Defendant must provide the Court with copies of all of the documents listed in the privilege log, except the documents for which the only

---

[2] Defendant inappropriately asserts relevance objections in its privilege log. However, because Defendant does not defend its refusal to produce the omitted documents on these grounds, *see generally doc. 59*, the Court will not address this issue.

"privilege" asserted is "confidential commercial information," so the Court can conduct an in camera privilege review.

3. The parties shall meet and confer at a mutually convenient time before January 16, 2015 to discuss the submission of a stipulated confidentiality order allowing for the limited production of the materials which Defendant claims are protected under Fed. R. Civ. P. 26(c)(1)(G).

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE